**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4114

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE JUNIOR COVINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-03-647)

Submitted:  August 5, 2005          Decided:  August 23, 2005

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry M. Anderson, Jr., ANDERSON LAW FIRM, P.A., Florence, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andre Junior Covington appeals his 420-month sentence following his jury convictions for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000).  Finding no error, we affirm.

Covington maintains that under Blakely v. Washington, 542 U.S. 296 (2004), the district court violated his Sixth Amendment rights by declining to award him a sentencing reduction for acceptance of responsibility.  Because Covington did not raise this objection at sentencing, we review for plain error.  Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

The Supreme Court held in United States v. Booker, 125 S. Ct. 738, 746, 750 (2005), that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  However, Booker does not preclude judicial determinations of the applicability of sentence reductions, such as for the acceptance of responsibility. Accordingly, we conclude that the district court did not commit plain error in declining to award Covington a sentence reduction for acceptance of responsibility and affirm the sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>